UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SAGECREST II, LLC

CIVIL CASE NO.
3:10-CV-1893 (JCH)

JANUARY 14, 2011

**RULING RE: INTERLOCUTORY APPEAL**

On December 2, 2010, this court granted defendants-appellants' Motion for Leave to Appeal the Preclusion Order entered by the Bankruptcy Court pursuant to Federal Rule of Civil Procedure 37.[1]  See Preclusion Order, Adv. Proc. No. 10-05042, Doc. No. 166; Mot. for Leave to Appeal, 3:10-CV-1893(JCH), Doc. No. 1; Min. Entry, Id., Doc. No. 11.  The court granted permission to appeal for the purposes of resolving "uncertainty . . . in the case law as to whether a sanctioning judge must consider less severe sanctions before imposing a preclusion order as broad as the order imposed by [the Bankruptcy Court] in this case."[2]  Hearing Tr., Dec. 2, 2010, at 4.  On appeal, the

---

[1] The defendants-appellants in this matter are ACG Credit Company II, LLC, ACG Finance Company, LLC, Fine Art Finance, LLC, Art Capital Group, LLC, Art Capital Group Inc., and ACG Credit Company, LLC (collectively, the "Corporate Defendants")  and Ian S. Peck (collectively, with the Corporate Defendants, "Art Capital").  The plaintiff-appellee is SageCrest II, LLC ("Sagecrest").

[2] Art Capital attempts to raise eleven separate issues on appeal, two of which Art Capital fails to discuss in its brief, and several of which were already rejected by this court during oral argument, including whether the Bankruptcy Court erred in failing to provide notice that Mr. Peck's failure to appear for the Rule 30(b)(6) deposition could result in sanctions.  See Def.'s Brief, Doc. No. 18, at 1-2.  The Bankruptcy Court provided sufficient notice because a "court's order . . . functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations." Daval Steel Products v. M/W Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).  Art Capital also contends that the Bankruptcy Court erred by failing to make a finding of bad faith or willfulness, but this runs counter to the language in the Preclusion Order that "defendants have repeatedly disregarded this court's orders to produce a Rule 30(b)(6) witness on designated dates by failing to produce Peck or an alternate . . . . This willful and obstructive conduct cannot be tolerated . . . ."  Preclusion Order, Adv. Proc. No. 10-05042, Doc. No. 161, at 14 (emphasis added).

court finds that the Bankruptcy Court entered the Preclusion Order under a misapprehension of the governing precedent. Before entering the Preclusion Order, the Bankruptcy Court was required to consider on the record whether less severe sanctions would be adequate.

## I.   BACKGROUND

The court assumes the parties are familiar with the complex Adversary Proceedings below and recites only the following factual background pertinent to this appeal. On October 28, 2010, Sagecrest filed a Cross-Motion for Sanctions in response to the failure of the Corporate Defendants to produce for deposition the individual who had been designated as their Rule 30(b)(6) representative. Adv. Proc. No. 10-05042, Doc. No. 142. On October 29, 2010, the Bankruptcy Court held a hearing to address Sagecrest's Cross-Motion for Sanctions against Art Capital, and the Bankruptcy Court indicated that it intended to grant Sagecrest's Motion and thereby preclude the Corporate Defendants from offering evidence on any of the topics noticed for the Rule 30(b)(6) deposition.[3] Adv. Proc. No. 10-05042, Doc. No. 144 & No. 149, Hearing Tr. Oct. 29, 2010. The Bankruptcy Court declined to discuss any other sanctions requested by Sagecrest, leaving those sanctions as "the subject of a further hearing" at which the Bankruptcy Court could obtain "a better understanding of precisely what those sanctions should be, if any, both in category and amount, if monetary sanctions are sought." Adv. Proc. No. 10-05042, Doc. No. 149, Hearing Tr. Oct. 29, 2010, at 49.

---

The court continues to find no merit in Art Capital's laundry list of auxiliary complaints. The court instead focuses its inquiry on the issue for which it permitted interlocutory appeal: whether the Bankruptcy Court erred in failing to consider less drastic sanctions before imposing the Preclusion Order.

[3] The identified topics for the Rule 30(b)(6) deposition covered nearly every aspect of the Adversary Proceedings, including "[a]ny defense, counterclaim or set offs that Defendants may assert in this adversary proceeding." Adv. Proc. No. 10-05042, Doc. No. 143, Ex. N.

On November 12, 2010, the Bankruptcy Court entered a Preclusion Order, preventing the Corporate Defendants from introducing or offering any evidence on the eight topics noticed for the Rule 30(b)(6) deposition. Adv. Proc. No. 10-05042, Doc. No. 161, at 14-15. In the Order, the Bankruptcy Court identified "several factors" that it considered "useful in evaluating whether to impose sanctions under Rule 37," including:

> (1) the willfulness of the non-complaint party or the reason for noncompliance; (2) <u>the efficacy of lesser sanctions</u>; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.

Adv. Proc. No. 10-05042, Doc. No. 161, at 5 (emphasis added) (quoting <u>Chiquita Int'l Ltd. v. M/V Cloudy Bay</u>, 262 F.R.D. 318, 323 (S.D.N.Y. 2009). However, in its Order, the Bankruptcy Court did not discuss whether less severe sanctions would have been adequate, or if not, why not. <u>Id.</u> With regard to the other enumerated factors, the Bankruptcy Court characterized the Corporate Defendants' conduct as "willful and obstructive," and it detailed the duration of the noncompliance by the Corporate Defendants, including the three delays of the Rule 30(b)(6) deposition that they precipitated, from an initial date of September 15, 2010 to an unspecified date in the future. <u>Id.</u> at 6-14.

## II. STANDARD OF REVIEW

The District Court reviews a decision by the Bankruptcy Court to impose sanctions for "abuse of discretion." <u>In re Ormand Beach Assoc. L.P.</u>, 278 B.R. 307, 311 (D. Conn. 2002). In determining whether the Bankruptcy Court abused its discretion, the court must be "mindful of the Supreme Court's repeated admonition that this standard of review means what it says: that '[t]he question, of course, is not whether [we] would as an original matter have [applied the sanction]; it is whether the District

Court abused its discretion in so doing." Southern New Eng. Tel. Co. v. Global NAPS Inc., 624 F.3d 123, No. 08-4518-CV, 2010 WL 3325962, at *14 (2d Cir. Aug. 25, 2010) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam)).

Although the "abuse of discretion" standard of review sets a high bar for reversal, the Bankruptcy Court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law  . . . ." In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010) (quoting In re Highgate Equities, Ltd., 279 F.3d 148, 152 (2d Cir. 2002)).  At the same time, this court recalls the Supreme Court's words of caution in National Hockey League, "[t]here is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order." Nat'l Hockey League, 427 U.S. at 642-43.

## III. DISCUSSION

At issue in this appeal is whether the Bankruptcy Court erred by imposing a sweeping Preclusion Order without consideration, on the record, of whether less severe sanctions would adequately serve the purposes of Rule 37 sanctions.  Sanctions pursuant to Rule 37 are intended: (1) to prevent a given party from benefiting from its failure to comply with discovery orders, (2) to specifically deter that party from continued violation of current and future discovery orders, and (3) to generally deter similar misbehavior by parties in other cases.  See Update Art v. Modiin Publishing, 843 F.2d 67, 71 (2d Cir. 1988).  The court observes at the outset that it views the Preclusion Order as equivalent in severity to a default or a dismissal with prejudice.  See id. at 71 ("The harshest sanctions available are preclusion of evidence and dismissal of the

action"); Ocello v. White Marine, Inc., 347 Fed. Appx. 639, 641 (2d Cir. 2009) (preclusion is an "extreme sanction"). As the court noted when granting leave to appeal, "[t]he transcripts below, the briefing of the parties, and the answers to the court's questions on oral argument all point to the conclusion that the plaintiff will . . . necessarily prevail [on the merits] in the Bankruptcy Court if the preclusion order remains in effect." Hearing Tr., Dec. 2, 2010, at 4. In this respect, the Preclusion Order is tantamount to a dismissal of the Corporate Defendants' counterclaims and extinguishes any realistic chance of defeating liability in the Adversary Proceedings below.

      A.      <u>Variation in the Stated Standard for Rule 37 Sanctions</u>

The Second Circuit has varied its language from time to time in articulating what factors a court must consider before imposing severe sanctions under Rule 37. In some instances, the Court of Appeals has stated that, "before the extreme sanction of preclusion or dismissal may be used by the district court, a judge <u>should inquire</u> more fully into the actual difficulties which the violation causes, and <u>must consider less drastic responses</u>." <u>Ocello</u>, 347 Fed. Appx. at 641 (2d Cir. 2009) (emphasis added; citation omitted); <u>see</u> <u>also</u> <u>Outley v. City of New York</u>, 837 F.2d 587, 589, 591 (2d Cir. 1988) (articulating the same rule for sanctions imposed under Rule 26(e), and noting that "cases interpreting Rule 37 are useful in determining the proper approach to be taken by the trial court").

However, in other cases, the Court of Appeals appears to have articulated a less absolute approach, stating that "dismissal or default imposed pursuant to Rule 37 is a 'drastic remedy' <u>generally</u> to be used only when the district judge has considered lesser

alternatives." Southern New Eng. Tel. Co., 2010 WL 3325962 at *15 (emphasis added); see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("[t]he sanction of dismissal is a drastic remedy that should be used only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.") (emphasis added; internal quotation marks and citation omitted); John B. Hull, Inc. v. Waterbury Petroleum Products, 845 F.2d 1172, 1176 (2d Cir. 1988) ("the sanction of dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.") (emphasis added; internal quotation marks and citation omitted).

In several cases in which the Court of Appeals articulates what appears to be a more permissive standard, the sanctioning court had already imposed less drastic sanctions earlier in the litigation without successfully inducing compliance. For example, in Southern New Eng. Tel. Co., the Second Circuit specifies that severe sanctions are "generally to be used only when the district judge has considered lesser alternatives." 2010 WL 3325962 at *15 (emphasis added). However, in Southern New Eng. Tel. Co., the district court endured two years of intentionally misleading or erroneous disclosure of assets by the defendants. Southern New Eng. Tel. Co., 2010 WL 3325962 at *3, *11-*15. On two occasions before it ordered a default judgment against the defendants, the district court imposed intermediate sanctions, including financial sanctions flowing from a finding of civil contempt. Id. at *16-*17.

In similar fashion, in Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009), the Second Circuit indicated that "[s]everal factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37," including "the

efficacy of lesser sanctions." Id. at 302.  However, the Second Circuit articulated this permissive standard in a case in which the district court had already imposed a lesser sanction at an earlier phase of litigation.  Id. at 301-02.  Moreover, the district court had also concluded on the record that "no less drastic sanction . . . would be effective" before it dismissed the action under Rule 37.  Id. at 301-02.

On numerous occasions, the Second Circuit has vacated severe sanctions for failure to consider the adequacy of less serious sanctions.  See e.g., Ocello, 347 Fed. Appx. 639 (2d Cir. 2009).  The Second Circuit has done so even in cases in which it stated that consideration of less drastic sanctions is only "usually" or "generally" expected.  See e.g., Shcherbakovskiy, 490 F.3d at 140.  In Shcherbakovskiy, the Second Circuit did not verbalize a standard that less drastic sanctions must be considered, but it nevertheless vacated a default judgment issued under Rule 37, and it did so in part because "the district court did not consider the efficacy of lesser sanctions." Shcherbakovskiy, 490 F.3d at 139.  The Shcherbakovskiy court determined that, although the sanctioning court may have had a "plausible explanation" that would support the severe sanctions of dismissal and default judgment, "entering the default judgment without such an explanation was an abuse of discretion." Id. at 140.

Of course, the facts of Shcherbakovskiy do not perfectly parallel the facts of the instant matter.  In Shcherbakovskiy, the Second Circuit also questioned the validity of the district court's finding of willfulness and bad faith.  Id. at 139-40.  By contrast, this court does not question the Bankruptcy Court's finding of "willful and obstructive conduct" by the Corporate Defendants.  See Adv. Proc. No. 10-05042, Doc. No. 161, at 14.  However, the district court in Shcherbakovskiy did issue an explicit warning as to its

plan to enter a default judgment if the appellant persisted in defying its discovery orders, id. at 134, whereas the Bankruptcy Court in this matter never issued a warning as an intermediate measure.

      B.      Guidance from Analogous Cases Involving Rule 41 Sanctions

Sanctions for failure to comply with discovery orders must be imposed under the authority of Rule 37, rather than Rule 41.  See Salahuddin v. Harris, 782 F.2d 1127, 1133-34 (2d Cir. 2010).  However, "[f]or practical purposes, courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under Rule 37(b), and there is little distinction between the two."  Sanders v. Does, No. 05 Civ. 7005 (RJS), 2008 WL 2117261, at *2 (S.D.N.Y. May 15, 2008).   The court may therefore look to cases involving sanctions imposed under Rule 41 for guidance.

Rule 41 sanction cases routinely admonish district courts to employ the remedy of dismissal "only when [the district judge] is sure of the impotence of lesser sanctions." Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (same); Thrall v. Central New York Regional Transportation Authority, No. 08-4421-CV, 2010 WL 4359187, at *2 (2d. Cir. Nov. 4, 2010) (summary order) (same). However, as with Rule 37 sanctions, exceptions exist in numerous cases reviewing Rule 41 sanctions.  See e.g., Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (whether the district judge has adequately assessed the efficacy of lesser sanctions is one of several factors to be considered in reviewing a district court's decision to dismiss an action for failure to prosecute, but no single factor is dispositive). In one case, the Second Circuit appears to endorse both the mandatory as well as the permissive consideration of lesser sanctions.  See Dodson v.

Runyon, 86 F.3d 37, 39, 42 (2d Cir. 1996).  In Dodson, the Second Circuit first states that, "[t]he remedy of dismissal is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions."  Id. at 39 (emphasis added; citation omitted).  Later in the Dodson opinion, the court recedes from this mandatory phrasing, stating that "dismissal is a remedy that a district judge should generally impose only when he is sure of the impotence of lesser sanctions."  Id. at 42 (emphasis added; citation omitted).

    C.    Lesser Sanctions Must Be Considered

Although the Second Circuit's articulation of the standard for imposing severe sanctions varies, the Second Circuit's holdings make clear that, absent exceptional circumstances, a court must consider the efficacy of lesser drastic remedies before imposing a severe sanction.  The court has discovered only a single case in which an appellate court indicated that consideration of less severe sanctions is only usually required, less severe sanctions were not considered or imposed by the sanctioning court, and the appellate court affirmed a severe sanction.  In John B. Hull, Inc. v. Waterbury Petroleum Products, 845 F.2d 1172 (2d Cir. 1988), the Second Circuit Court of Appeals upheld a sanction of dismissal, even though the district court failed to explicitly consider the efficacy of lesser sanctions.[4]

---

[4] Plaintiff cites Reilly v. NatWest Markets Group Inc., 181 F.3d 253 (2d Cir. 1999), as an example of a preclusion order upheld on appeal without discussion by the appellate court of whether the trial court considered a lesser sanction.  See Pl.'s Brief, Doc. No. 22, at 2, 34-35.  Although Reilly involved the preclusion of testimony by witnesses the defendant failed to make available for Rule 30(b)(6) depositions, the parallels with the instant matter end there.  In Reilly, the precluded testimony would have been cumulative.  Id. at 269.  Moreover, the defendants never even offered a plausible explanation of why the witnesses were unavailable for deposition.  Id.  Because the preclusion order in Reilly was dramatically narrower in scope than the instant case, the preclusion order in that case could not properly be characterized as severe, and the Reilly court did not even list the consideration of less drastic sanctions as a useful factor in assessing the propriety of the sanction.  Id.

The Hull court noted, that "the sanction of dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." Id. at 1176 (emphasis added; internal quotation marks and citations omitted). However, the court does not appear to have considered any sanction short of dismissal. Id. at 1175 (warning party of dismissal after first hearing on motion for sanctions). In Hull, the district court did deliver multiple, explicit warnings of the possibility of dismissal, and the offending party violated court orders on several occasions. Further, dismissal was not imposed until more than five years after the initial motion for sanctions. Id. at 1174-77. By contrast, the Bankruptcy Court in the present matter did not issue any formal warning before imposing the Preclusion Order. Moreover, only two weeks passed before the Bankruptcy Court granted plaintiff's motion for sanctions, and the defendants' dilatory conduct has thus far delayed the proceedings by approximately two months.[5] The extenuating circumstances in Hull are not present here, and nothing in the record below persuades the court that the procedural history constituted an unusual or atypical situation for which the Bankruptcy Court would be excused from its duty to articulate why a less severe sanction would be inadequate.

---

(footnote continued)
    Plaintiff additionally invokes Update Art v. Modiin Publishing, 843 F.2d 67 (2d Cir. 1988). Although the Second Circuit upheld a harsh preclusion sanction in Update Art, the court never discusses the issue of less drastic sanctions and does not address whether less drastic sanctions were previously imposed. Id.
    Finally, Plaintiff cites to United States Freight Co. v. Penn Central Transportation Co., 716 F.2d 954 (2d Cir. 1983), for the proposition that a trial court need not impose lesser sanctions before striking a defendant's answer. Id. at 955. The holding in United States Freight Co. does not conflict with this Ruling. The sanctioning court has a duty to consider the efficacy of lesser sanctions; it is not required to actually impose incremental penalties before imposing severe sanctions.

    [5] The court appreciates that matters must move expeditiously in bankruptcy court, and two months may be, in that context, relatively longer than two months at the district court level.

Neither the Preclusion Order nor the Bankruptcy Court's statements at the October 29, 2010 hearing discussed the possibility of lesser sanctions. The Bankruptcy Court viewed "the efficacy of lesser sanctions" as only a "factor[] . . . useful in evaluating whether to impose sanctions under Rule 37." Preclusion Order, Doc. No. 161, at 5. The Bankruptcy Court apparently did not believe that it was generally required to consider lesser sanctions, absent unusual circumstances, and, indeed, it failed to consider lesser sanctions in any way. In the absence of prior warnings or the imposition of lesser sanctions that had failed, this court concludes that Second Circuit precedent required the Bankruptcy Court to consider lesser sanctions – and conclude they would be ineffective – before imposing a severe sanction such as the Preclusion Order here. Therefore, the Bankruptcy Court entered the Preclusion Order under an erroneous view of what the law requires when it identified lesser sanctions as a factor that it considered "useful" and then did not consider them. See supra, at 3. The Bankruptcy Court "necessarily abuse[d] its discretion if it based its ruling on an erroneous view of the law . . . ." In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010) (quoting In re Highgate Equities, Ltd., 279 F.3d 148, 152 (2d Cir. 2002)). Because the Bankruptcy Court operated under a misapprehension of the law, this court vacates the Preclusion Order and remands for proceedings consistent with this Ruling.

### D.     Whether Proceedings Should Be Reassigned on Remand

Appellants request that the District Court reassign the proceedings on remand to a different bankruptcy judge. In determining whether a case should be reassigned on remand, the court must consider whether:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed

views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Shcherbakovskiy, 490 F.3d at 142 (quoting United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977)). In this case, the Bankruptcy Court judge – Judge Shiff – issued the Preclusion Order under an erroneous, but clearly good faith, view of the law. A review of the record does not lend itself to a finding of bias, and the court does not believe reassignment is necessary to preserve the appearance of justice.

The Corporate Defendants argue that Judge Shiff's decision to grant the Motion for Prejudgment Remedy demonstrates bias. To the contrary, the prejudgment remedy reflects the Bankruptcy Court's legitimate concern that the Corporate Defendants' delays could prejudice Sagecrest's ability to obtain payment for a judgment in its favor, particularly given evidence of prior dissipation of assets by the Corporate Defendants. Indeed, this court explicitly contemplated the possibility of Prejudgment Remedy proceedings in response to its grant of leave to appeal. Hearing Tr., Dec. 2, 2010, at 17. On these facts, the mere granting of a prejudgment remedy cannot be interpreted as evidence of bias.

Further, the court has no reason to question the ability of the Bankruptcy Court judge to be fair on remand. Finally, this is a complex matter for which reassignment would engender unnecessary waste and duplication. The request for reassignment on remand is consequently denied.

**IV.   CONCLUSION**

On remand, the Bankruptcy Court may determine that less severe sanctions are appropriate, such as the payment by the Corporate Defendants of expenses caused by

their failure to comply with discovery orders or a contempt of court finding.  See Fed. R. Civ. P. 37(b)(2).  The Bankruptcy Court may also determine that less severe sanctions will be inadequate, and it may elect to enter a preclusion order of similar scope.  Id.  It is within the bankruptcy judge's sound discretion to enter a preclusion order if the judge articulates why he reasonably believes that no lesser sanction would prove efficacious in meeting the tripartite goals of Rule 37.

For the foregoing reasons, the court vacates the Preclusion Order and remands the case for proceedings consistent with this Ruling. The request for reassignment on remand is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 14th day of January 2011.

   /s/ Janet C. Hall         
Janet C. Hall
United States District Judge